# Exhibit 19

Case 1:07-cv-06707-NRB   Document 30-21   Filed 12/21/2007   Page 2 of 4
09/28/2007 16:24 IFAX fax1.center → Fax Central ☒002/004
SEP-28-2007 FRI 05:21 PM Guzov Ofsink LLC   FAX NO. 1 212 688 7273   P. 02/04



# GUZOV OFSINK, LLC
### ATTORNEYS AT LAW
600 MADISON AVENUE, 14TH FLOOR
NEW YORK, NEW YORK 10022
TELEPHONE: (212) 371-8008   FACSIMILE: (212) 688-7273
WWW.GOLAWINTL.COM

LONG ISLAND OFFICE:
200 BROADHOLLOW ROAD, SUITE 207
MELVILLE, NY 11747
TELEPHONE: (631) 293-2904 • FAX: (631) 293-4418

September 27, 2007

**BY Fax (212) 805-7927**
Hon. Naomi R. Buchwald
United States District Court Judge
500 Pearl St., Room 2270
New York, NY 10007

Re:   <u>Midas Fund, Inc. v. Gammon Gold, Inc., 07 Civ 6707</u>

Dear Judge Buchwald:

This firm represents plaintiff Midas Fund, Inc. ("Midas") in the above-referenced action. This letter will serve as plaintiff's response to the letter dated September 14, 2007 in which counsel for defendant Gammon Gold, Inc. ("Gammon") requests a pre-motion conference with respect to its proposed motion to dismiss. For the reasons set forth below, Midas does not believe Gammon's proposed motion has any merit. However, after having conducted further research and analysis, Midas intends to seek leave to amend its current Amended Complaint to add additional defendants, namely certain officers and directors of Gammon, as well as three firms which acted as underwriters for the offering in which Midas purchased its shares of Gammon. Therefore, Midas requests that this Court set a schedule for service of its second amended complaint and Gammon's answer or motion in response thereto. If the Court is not inclined to grant Midas' request without additional briefing, in the alternative Midas joins Gammon's request for a prompt pre-motion conference.

<u>Nature of This Action</u>

This is a securities fraud action in which Midas, a non-diversified open end investment company which invests the majority of its assets in precious metals, seeks to recover damages caused by Gammon's misleading statements concerning its production activities. In particular, during the first four months of 2007 Gammon issued a series of press releases, statements and public filings in which it represented it had achieved a particular level of annual production at one of its principal mines. Relying on these representations, Midas invested $8 million in Gammon during a public offering in April 2007. After closing on this offering, Gammon publicly released its true production rate, which caused its stock price to plummet.

Case 1:07-cv-06707-NRB   Document 30-21   Filed 12/21/2007   Page 3 of 4

09/28/2007 16:24 IFAX fax1.center → Fax Central  ☒003/004
SEP-28-2007 FRI 05:21 PM Guzov Ofsink LLC  FAX NO. 1 212 688 7273  P. 03/04

Hon. Naomi R. Buchwald
September 28, 2007
Page 2

### Gammon's Proposed Motion to Dismiss Lacks Merit

The arguments outlined in Gammon's September 14 letter do not warrant dismissal of Midas' Amended Complaint at this early stage of the action. The false statements relied upon by Midas do not constitute "forward-looking" statements, as they were clearly intended to convey information concerning Gammon's current activities and production rates. The statements were also known by Gammon to be false when made: Midas has identified particular monthly production reports available to Gammon which could have alerted the company that its claims could not be sustained, had the publication of those reports not been discontinued. Am. Compl. ¶ 46. Midas has adequately alleged the requisite state of mind, in that Gammon had the motive and opportunity to massage its results in order to assure the success of its April 2007 public offering. *Id.* ¶¶ 28, 37, 58. Alternatively, Gammon's refusal to utilize its own monthly reporting system clearly constitutes circumstantial evidence reflecting, at a minimum, reckless disregard for the truth. Finally, as the discussion above should indicate, Midas more than adequately pleads the requisite loss causation. *Id.* ¶¶ 48-50.

### Midas Should Be Permitted to Amend Its Complaint

As noted above, Midas proposes to amend the Amended Complaint for the *sole* purpose of adding certain additional parties as defendants. First, Midas intends to add Fred George ("George"), Russell Barwick ("Barwick"), Colin Sutherland ("Sutherland"), and Bradley Langille ("Langille"), each of whom are current or former officers or directors of Gammon, as defendants liable as "control persons" pursuant to Section 20 of the Securities Exchange Act of 1934, 15 U.S.C. § 78t. These defendants also share liability for Gammon's false statements under the group pleading doctrine. *See In re Adelphia Comm. Corp. Sec. and Deriv. Litig.* 398 F.Supp.2d 244, 250 (S.D.N.Y. 2005). Moreover, Midas has received information indicating that George and Langille sold substantial portions of their shares in early 2007, and this fact, coupled with their intimate involvement in the fraud, renders them primarily liable under Rule 10b-5 as well.

Second, the three underwriters of the April 2007 offering, BMO, Scotia Capital, Inc. and TD Securities, will be added as defendants because they had a duty, under sections 11 and 12 of the Securities Act of 1933, to ensure that Gammon's registration statement and prospectus were accurate, but failed to do so. *See* 15 U.S.C. §§ 77k, 77l. This Court will have personal jurisdiction over all these proposed defendants: the underwriters have a significant continuing presence in New York, and each of the individuals either entered New York in effecting the fraud, or committed acts having significant enough effects within New York to subject them to long-arm jurisdiction. CPLR §§ 301, 302(a)(2)-(3).

As this office previously informed Your Honor's chambers, Midas had hoped to obtain Gammon's consent to make these amendments, with its motion to be held in abeyance pending service of the amended complaint. However, counsel were unable to agree on the terms of a stipulation. Therefore, Midas proposes that it be permitted to serve and file its Second Amended Complaint by no later than October 12, 2007, with Gammon's motion or answer to

Case 1:07-cv-06707-NRB    Document 30-21    Filed 12/21/2007    Page 4 of 4
09/28/2007 16:24 IFAX fax1.center → Fax Central                    004/004
SEP-28-2007 FRI 05:22 PM Guzov Ofsink LLC    FAX NO. 1 212 688 7273    P. 04/04

Hon. Naomi R. Buchwald
September 28, 2007
Page 3

be due within thirty (30) days thereafter. If this proposed course of action is not acceptable to the Court, Midas joins Gammon's request for a pre-motion conference and asks that the same be scheduled promptly.

          Respectfully Submitted,

          Guzov Ofsink, LLC

          By: _____
                Debra J. Guzov

cc: Tom Swigert, Esq. (via fax (612) 340-8800)