UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
MIDAS FUND, INC.,

    Plaintiff,

-against-

GAMMON GOLD, INC., FRED GEORGE,
BRADLEY LANGILLE, RUSSELL
BARWICK, COLIN SUTHERLAND, BMO
NESBITT BURNS INC., SCOTIA
CAPITAL INC., and TD SECURITIES INC.,

    Defendants.
------------------------------------------------x

Index No.   07 CV 6707 (NRB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF DEFENDANTS BMO NESBITT BURNS INC., SCOTIA CAPITAL INC. AND TD SECURITIES INC. TO DISMISS THE SECOND AMENDED COMPLAINT**

Of Counsel:
Daniel R. Murdock
Philip M. Smith

PATTON BOGGS LLP
1185 Avenue of the Americas
New York, NY 10036
(646) 557-5100

*Attorneys for Defendants BMO Nesbitt Burns Inc., Scotia Capital Inc., and TD Securities Inc.*

February 15, 2007

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii

ARGUMENT .............................................................................................................................1

CONCLUSION .........................................................................................................................5

## TABLE OF AUTHORITIES

### CASES

*Dresner v. Utility.com, Inc.*, 371 F. Supp. 2d 476 (S.D.N.Y. 2005)..................................4

*In re Geopharma, Inc. Sec. Litigation*, 399 F. Supp. 2d 432 (S.D.N.Y. 2005) ..................4

*In re Oxford Health Plans, Inc.*, 187 F.R.D. 133 (S.D.N.Y. 1999) .....................................4

*In re WorldCom, Inc. Sec. Litigation*, 382 F. Supp. 2d 549 (S.D.N.Y. 2005).....................3

*Polar International Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225 (S.D.N.Y. 2000) ..................................................................................................................................4

*Williams v. Bank Leumi Trust Co.*, No. 96 Civ. 6695 (LLM), 1997 WL. 289865 (S.D.N.Y. May 30, 1997)..................................................................................................3

### STATUTES

Fed. R. Civ. P. 9(b) .................................................................................................................2

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(2) .......................2

## ARGUMENT

Defendants BMO Nesbitt Burns Inc. ("BMO"), Scotia Capital Inc. ("Scotia"), and TD Securities Inc. ("TD") (collectively, the "Underwriters") respectfully submit this reply memorandum of law in further support of the Underwriters' motion pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, and the Private Securities Litigation Reform Act of 1995 ("PSLRA") to dismiss, with prejudice, the Second Amended Complaint ("Complaint III" or "Compl. III") as to them.

Despite three attempts to file a cognizable complaint for securities fraud, plaintiffs' Second Amended Complaint woefully fails to do so, particularly with respect to the Underwriter Defendants. Indeed, Plaintiff's *Memorandum of Law in Opposition to All Defendants' Motions to Dismiss* ("*Midas Memorandum*") is an affirmation of the obvious inadequacy of the Complaint as to the three Underwriter Defendants (BMO Nesbitt Burns Inc., Scotia Capital Inc. and TD Securities Inc.), and it should be dismissed as to them with prejudice.

In the first paragraph of its *Memorandum*, Midas notes the existence of the "opposition to the motion to dismiss filed by defendants BMO Nesbitt Burns Inc. ('BMO'), Scotia Capital Inc. ('Scotia') and TD Securities Inc. ('TD') (BMO, Scotia and TD collectively referred to as 'Underwriter Defendants')." Beyond this, in its 25-page *Memorandum*, there is but one other reference to the three individual underwriters and only two to the Underwriter Defendants as a group. In footnote 2 on page 4, Midas states that "citations to the Memorandum of Law in Support of the Motion of Defendants BMO Nesbitt Burns Inc., Scotia Capital Inc. and TD Securities Inc. to Dismiss the Second Amended Complaint will be in the form 'Underwriters' Brief at p. ___.'" But there are no citations to the Underwriters' Brief in the *Midas Memorandum*. Midas's first reference to the Underwriter Defendants, collectively, is on page 2:

"Midas's second amendment to its complaint did little more than add the Individual Defendants and Underwriter Defendants as parties, without any substantial change to Midas's theory of the case or factual allegations." The second reference, on page 25, is to the same effect: "the filing of the operative Complaint [] did little more than add the Individual Defendants and Underwriter Defendants prior to any answers or motion." However, doing concededly "little more" than adding separate and independent corporations as defendants surely is insufficient to adequately plead securities fraud claims against them.

It is true that the Underwriter Defendants joined in and adopted as part of their dismissal motion the arguments and authorities addressed in the *Memorandum in Support of Gammon Gold Inc's and the Individual Defendants' Motion to Dismiss the Second Amended Complaint*, and they hereby join in the further arguments and analysis in the Reply Memorandum being submitted by these same defendants, particularly with respect to the fact that the statements by Gammon at issue were inactionable forward-looking statements accompanied by more than adequate cautionary language. But Plaintiff totally ignores the separate arguments made by the Underwriter Defendants in the *Underwriters' Brief* that the fraud charges in the three causes of action against them — the Second, Third and Sixth Causes of Action — fail to satisfy the heightened pleading requirements of Fed. R. Civ. P., and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(2), to demonstrate with particularity how each of the Underwriter Defendants "knowingly" aided and abetted a fraud by the other defendants against Midas.[1]

---

[1] Midas concedes in its *Memorandum*, that in bringing "this action to redress the knowing and intentional fraud committed by each of the Defendants," it must satisfy the same pleading requirements under Rule 9(b) and the PSLRA both with respect to the federal and common law fraud claims (First and Sixth Causes of Action) and the two claims under the Securities Act of 1933. (*Midas Memorandum* at 1.)

2

As pointed out in the *Underwriters' Brief*, pages 7-10, under New York law, a claim of aiding and abetting fraud requires Midas to plead with particularity the existence of a fraud, a defendant's knowledge of the fraud, and a defendant's substantial assistance to advance commission of the fraud. Midas does none of these as to any of the Underwriter Defendants. First, Midas fails to show how the six press releases incorporated by reference in the Gammon Registration Statement constituted an actionable fraud. Secondly, as to knowledge of the fraud, Midas makes only the conclusory allegation that each Underwriter "knew or should have known" of the fraud, an allegation clearly inadequate in this context.[2] Thirdly, there are no facts alleged to give rise to any inference of wrongful knowledge or improper assistance to the commission of a fraud. There is nothing more than the conclusory assertion that the Underwriters "took substantial steps to aid and abet Gammon's fraud upon Midas . . . ." (Compl. III ¶ 120.) Indeed, the pleading as to the Underwriters is so bereft of any substance that, even if the alleged misrepresentations of Gammon were shown to be false statements of current material information, which they are not, the charges against the Underwriters would still fail.

By arguing as against "all Defendants" in its Memorandum, but supporting its position with assertions only as to Gammon and/or the Individual Defendants, and never as to one or more of the Underwriters, Midas carries group pleading well beyond any permissible limits. For example, Midas concedes that the PSLRA requires it to allege "with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." It then contends that it can satisfy this standard by alleging "(i) facts showing that Defendants had both motive and opportunity to commit fraud, or (2) facts amounting to strong circumstantial evidence of intentional behavior or recklessness." (*Midas Memorandum* at 19.) But it alleges neither of

---

[2] See, e.g., *Williams v. Bank Leumi Trust Co.*, No. 96 Civ. 6695 (LLM), 1997 WL 289865, at *5 (S.D.N.Y. May 30, 1997); *In re WorldCom, Inc. Sec. Litig.*, 382 F. Supp. 2d 549, 560 (S.D.N.Y. 2005).

3

these sufficiently as to any defendant, and, most especially, with respect to each of the Underwriters. Indeed, in purporting to show that it has satisfied both prongs of the PSLRA standard, Midas references only allegations against Gammon and/or the Individual Defendants, but, as noted at the outset, makes no mention of the Underwriters. (*See, e.g., Midas Memorandum* at 22 for repeated "factual" assertions about Gammon and the Individual Defendants, but no mention of the Underwriter Defendants.)

Nor can Midas rely on the so-call "group pleading doctrine" to extend its allegations of scienter against Gammon and the Individual Defendants to the Underwriters. The group pleading doctrine allows a plaintiff to rely on "a presumption that statements in … press releases, or other group-published information, are the collective work of those individuals with direct involvement in the everyday business of the company." *In re Oxford Health Plans, Inc.*, 187 F.R.D. 133, 142 (S.D.N.Y. 1999). "However, this doctrine is 'extremely limited in scope, applying only to clearly cognizable corporate insiders with active daily roles in the relevant companies or transactions.'" *In re Geopharma, Inc. Sec. Litig.*, 399 F. Supp. 2d 432, 445 (S.D.N.Y. 2005) (*quoting Polar Int'l Brokerage Corp. v. Reeve*, 108 F. Supp. 2d 225, 237 (S.D.N.Y. 2000). To invoke the doctrine, Gammon must have alleged, at the least, that the Underwriters "played a role in the preparation of the [subject press release], or otherwise took part in the day-to-day operations of [the issuer]." *Id.* (dismissing claims against the chairman of the board in the absence of allegations that he played a role in the preparation of the subject press release). *See also Dresner v. Utility.com, Inc.*, 371 F. Supp. 2d 476, 493-94 (S.D.N.Y. 2005)(allegations against "non-insider" defendants fail to satisfy Rule 9(b) when there was no specific allegation to suggest that those defendants "took part in the preparation" of misstatements as issue, nor that non-insider defendants "acted like corporate insiders").

4

Obviously, the Underwriters are not corporate insiders of Gammon, and Midas alleges nowhere that they participated in the preparation of the subject press releases that allegedly contained misstatements by Gammon. Accordingly, Midas cannot use the "group pleading doctrine" to bootstrap its allegations against Gammon and the Individual Defendants to support a claim against the Underwriters.

Finally, it should be noted that, while Midas asserts that Defendants are "not accurate" in stating that Midas has "had two prior opportunities to amend its pleading" (*Midas Memorandum* at 2), Midas itself admits, as the Court's docket system confirms, that it has, in fact, filed two amended complaints: one as of right, and one with the Court's permission. Midas sought permission "after having conducted further research and analysis" (Midas letter to Court dated September 27, 2007), and the Court expressly conditioned its ruling to "permit the plaintiff to amend its complaint one last time." (Letter from Court to counsel for Midas and Gammon, dated October 1, 2007, Docket No. 10.) In now contending that it should be permitted to replead its claims again, Midas does not even acknowledge the Court's ruling, and offers not the slightest suggestion as to how, absent the ruling, it might possibly cure any of the many deficiencies in its Second Amended Complaint. Under these circumstances, the Underwriter Defendants respectfully submit that the Complaint should be dismissed with prejudice and without further leave to replead.

## CONCLUSION

For the foregoing reasons, and those set forth in the earlier *Underwriters' Brief* in support of their Motion to Dismiss, the Second, Third, and Sixth Causes of Action in Midas' Complaint III must be dismissed with prejudice as against the Underwriters.

Dated: February 15, 2007
      New York, New York

                                PATTON BOGGS LLP
*Attorneys for Defendants BMO Nesbitt Burns Inc., Scotia Capital Inc., and TD Securities Inc.*

By: /s/ Daniel R. Murdock
Daniel R. Murdock (DM 1498)
Philip M. Smith (PS 8132)

1185 Avenue of the Americas
New York, NY 10036
(646) 557-5100